DAVID M. BECKWITH (CSB NO. 125130)
davidbeckwith@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile:  (858) 408-4422

Attorneys for Plaintiff,
Confident Technologies, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Confident Technologies, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Live Nation Entertainment, Inc., a Delaware corporation, and Ticketmaster, LLC., a Delaware limited liability company,<br><br>Defendants. | CASE NO. **'17CV1066 AJB KSC**<br><br>**COMPLAINT FOR:**<br>**(1) PATENT INFRINGEMENT – 35 U.S.C. § 271; AND**<br>**(2) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Case 3:17-cv-01066-CAB-KSC   Document 1   Filed 05/23/17   PageID.2   Page 2 of 8

Plaintiff Confident Technologies, Inc. (collectively, "*Confident*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendant Live Nation Entertainment Inc. ("*Live Nation*") and Defendant Ticketmaster Entertainment LLC. ("*Ticketmaster*") (collectively, "*Defendants*"). In support of this Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Plaintiff Confident is a Delaware corporation with a principal place of business at 265 Santa Helena # 105, Solana Beach, CA 92075.

3. Defendant Live Nation is a Delaware corporation with a principal place of business in Beverly Hills, CA.

4. Defendant Ticketmaster is a Delaware corporation with a principal place of business in West Hollywood, CA.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Confident's claim of patent infringement arises under the laws of the United States, including 35 U.S.C. §§ 271.

6. This Court has personal jurisdiction over Defendants because they have a continuous, systematic and substantial presence in this District, because they regularly conduct business and/or solicit business within this District, because they have committed and continue to commit patent infringement in this District, including without limitation by performing the methods claimed in United States Patent No. 8,621,578 ("the '578 patent") in this District and by inducing residents of this District to perform the methods claimed in the '578 patent.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400

-1-
**COMPLAINT**

because Defendants have done business, have infringed, and continue to infringe the '578 patent in this District, and have a regular and established place of business in this District.

## FACTUAL BACKGROUND

8. On December 10, 2008, United States Patent Application No. 12/332,266 ("the '266 application") was filed covering methods and systems for protecting website forms from automated access. On December 31, 2013, the United States Patent and Trademark Office (PTO) duly and lawfully issued United States Patent No. 8,621,578 ("the '578 patent") from the '266 application, entitled "Methods and Systems for Protecting Website Forms from Automated Access." A true and correct copy of the '578 patent is attached hereto as **Exhibit A**. Confident owns all rights to the '578 patent via an Assignment, which was recorded at the PTO on February 4, 2015, at Reel/Frame 034886/0691.

9. The '578 patent is directed to a method and system of telling apart a human from a computer using a graphical image verification system. The methods generally describe generating a matrix of images in response to an access request from a user, wherein at least one image is known to belong to a selected image category, at least one image is known to not belong to the selected image category, and at least one image is suspected to belong to the selected image category. The user is granted access to the website when the input from the user access device comprises selection of the at least one image known to belong to the selected image category and selection or omission of the at least one image suspected to belong to the selected image category. The information gathered from users concerning the image suspected to belong to the selected image category may be utilized to provide an interpretation as to the proper category for the suspected image.

10. Defendants require customers to use ReCAPTCHA technology as a precondition to utilizing Defendants' ticket-purchasing services. Customers seeking to purchase tickets through Defendants are directed to perform the steps required to

complete the ReCAPTCHA verification. The ReCAPTCHA technology utilizes the claimed '578 technology in granting access to certain website content authorizing certain electronic transactions by presenting users with images wherein at least one image is known to belong to a selected image category, at least one image is known to not belong to the selected image category, and at least one image is suspected to belong to the selected image category. The user gains access by, inter alia, selecting one or more images that belong to the selected category. Defendants condition participation of the customer in the ticket purchasing process upon performance of a step or steps of the '578 patented method, and establish the manner or timing of that performance.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '578 patent Against All Defendants)

11.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

12.  Defendants and/or those acting in concert with Defendants have infringed and continue to infringe, and/or induce infringement of the '578 patent, either literally or under the doctrine of equivalents. Defendants' infringing activities in the United States and this District include, among other things making, using, selling, and inducing others to use ReCAPTCHA technology in connection with gaining access to Live Nation's or Ticketmaster's websites, mobile apps, and ticket purchasing services. ReCAPTCHA technology infringes at least claim 1 of the '578 patent as indicated in the attached claim chart, **Exhibit B**, incorporated herein. Performance of all steps of the claimed methods can be attributed to the Defendants. This infringement chart is based on Confident's current understanding of the Defendants' use of infringing ReCAPTCHA technology, which only considers publicly available information. The chart does not set forth all of Confident's infringement theories – Defendants' use of infringing ReCAPTCHA

technology embodies other claims set forth in the '578 patent.

13. Confident reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Pursuant to CivLR 3.1, Confident will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement chart submitted herewith).

14. Confident is informed and believes that Defendants, and/or those acting in concert with Defendants, with actual knowledge of the '578 patent before the filing of this action, induced customers to infringe the '578 patent, by requiring its direct and indirect customers to use infringing ReCAPTCHA technology to purchase tickets through Live Nation's and Ticketmaster's websites and mobile apps. Defendants intend to and instructs their direct and indirect customers to infringe at least claim 1 of the '578 patent by using ReCAPTCHA technology as a precondition to purchasing tickets through Live Nation's and Ticketmaster's websites and mobile apps. Defendants profit from the use of the infringing ReCAPTCHA technology by, among other things, charging customers a service fee, and to prevent automated ticket purchases by ticket "scalpers." Use of infringing ReCAPTCHA technology hampers ticket purchases by automated bots and thereby increases the desire of customers to use Defendants' ticket purchasing services protected by the '578 Patent.

15. Defendants were aware or should have been aware or where willfully ignorant of the '578 Patent by at least January of 2014.

16. Upon information and belief, Defendants have generated billions of dollars in annual revenue from service fees and the use of Plaintiff's technology, exposing Defendants to significant liability for their infringement of the '578 patent.

17. Upon information and belief, unless enjoined, Defendants, and/or

others acting on behalf of Defendants, will continue their infringing acts, thereby causing irreparable harm to Confident for which there is no adequate remedy at law.

18. As a result of Defendants' infringement of the '578 patent, Confident has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of all said damages.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

19. Plaintiff realleges and incorporate by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

20. A dispute exists as to the infringement of the '578 patent.

21. Confident is entitled to a declaration that Defendants infringe the '578 patent.

## PRAYER FOR RELIEF

WHEREFORE, Confident prays for entry of judgment in its favor and against Defendants as follows:

(a) An Order adjudging Defendants to have infringed, or induced the infringement of the '578 patent under 35 U.S.C. § 271;

(b) A permanent injunction under 35 U.S.C. § 283 enjoining Defendants, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing or inducing the infringement of the '578 patent in violation of 35 U.S.C. § 271;

(c) An award to Confident of its lost profits and/or a reasonably royalty on Defendants' service fees;

(d) An Order adjudicating that this is an exceptional case;

(e) An award to Confident of all attorneys' fees and costs incurred by

Confident in connection with this action under 35 U.S.C. § 285;

      (f)    An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

      (g)    For such other and further relief as the Court deems just and proper.

Dated: May 23, 2017        SAN DIEGO IP LAW GROUP LLP

By: /s/David Beckwith/
DAVID M. BECKWITH
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff,
Confident Technologies, Inc.

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:  May 23, 2017         SAN DIEGO IP LAW GROUP LLP


By: /s/David Beckwith/
DAVID M. BECKWITH
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff,
Confident Technologies, Inc.